# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Thomas Ryan Phillips, Respondent

Appellate Case No. 2015-000969

Opinion No. 27566
Heard August 5, 2015 – Filed August 26, 2015

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey M. Watson, III, Esquire, of Ballard & Watson, of West Columbia, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand.  In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School, Trust Account School and Advertising School within six (6) months of the imposition of a sanction.  We accept the Agreement, issue a public reprimand, and impose conditions as stated hereafter in this opinion. The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent admits he engaged in a sexual relationship with Client while representing her in a divorce proceeding. Respondent maintains, however, he gave Client competent and diligent representation and the relationship did not impact the representation. Respondent counseled Client as to her options and the possible consequences and risks associated with the options. Client was adamant in her demands that her husband only have restricted visitation with their child and that she wanted to be divorced from her husband.

The divorce action was filed on Client's behalf alleging husband's habitual drunkenness as grounds for the divorce. The divorce was granted to Client on those grounds. Husband was granted very restricted visitation with the child based on his continued alcohol abuse. Alimony was not sought by Client as she earned considerably more than her husband. Alimony was barred as to the husband as he could not deny his contribution to the breakup of the marriage.

Respondent and Client ended the physical aspects of their relationship not long after the final decree was issued in July 2011. Respondent and Client communicated after the physical relationship ended as respondent answered Client's questions regarding the wording or application of the final divorce decree.

Sometime later, Client, represented by new counsel, brought another action against her now ex-husband to terminate his parental rights based on his continued abuse of alcohol and the threat he posed to the child. Although he did not represent Client, respondent admittedly became involved in the case when Client was presented with a crisis[1] and Client's new counsel was out of town and unavailable. Respondent's only involvement in this action consisted of counseling Client during the crisis.

ODC asserts respondent fully cooperated in its investigation of this matter, that he showed genuine remorse and fully admitted responsibility for his actions, and that his representation of Client was not adversely affected by his misconduct.

---

[1] The crisis occurred when Client's ex-husband made persistent calls to Client threatening to injure himself over her latest domestic action.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.8(m) (lawyer shall not have sexual relations with client when client is in vulnerable condition or otherwise subject to control or undue influence of lawyer, when such relations could have harmful or prejudicial effect upon the interests of client, or when sexual relations might adversely affect lawyer's representation of client) and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(A)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.  Within six (6) months of the date of this opinion, respondent shall attend and complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School and, no later than ten (10) days after the completion of the programs, submit proof of completion to the Commission.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**